In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-082 CR


NO. 09-03-083 CR


____________________



DOMENIQUE FELIMON CUELLAR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Jasper County, Texas


Trial Cause Nos. 9317JD and 9332JD






OPINION


 Domenique Felimon Cuellar waived his right to a jury trial and pleaded guilty to
two charges of arson. The court assessed punishment in each case at twenty years of
confinement in the Texas Department of Criminal Justice, Institutional Division. The trial
court certified that Cuellar has the right of appeal. Because the two issues raised on appeal
do not present reversible error, we affirm the trial court's judgment.

 Issue one urges that the trial court failed to admonish Cuellar on the applicable
punishment range. He refers only to a lack of oral admonishment. The trial court
admonished Cuellar in writing, as provided by statute. Tex. Code Crim. Proc. Ann. art.
26.13(d) (Vernon 1989). Joined by his counsel, Cuellar signed the written
acknowledgments that are required when the admonishments are provided in writing rather
than orally. Id. Before taking Cuellar's plea, the trial court asked Cuellar if he
understood all of the papers he had already signed. Cuellar informed the court that he did
understand the documents and had signed them voluntarily. The statutory admonishments,
including the applicable punishment range, are included in the plea memoranda. 

 Furthermore, "substantial compliance by the court is sufficient, unless the defendant
affirmatively shows that he was not aware of the consequences of his plea and that he was
misled or harmed by the admonishment of the court." Tex. Code Crim. Proc. Ann. art.
26.13(c) (Vernon 1989). During the plea hearing, Cuellar stated on the record that he
understood the punishment range was 2 to 20 years of imprisonment. The record
demonstrates Cuellar was actually aware of the punishment range and he did not attempt
to withdraw his plea at any time prior to perfecting appeal. We find no error. Issue one
is overruled.

 The appellant's second issue raises a claim of ineffective assistance of counsel under 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 To prevail on a claim of ineffective assistance of counsel, an appellant
must establish that his lawyer's performance fell below an objective standard
of reasonableness and that there is a "reasonable probability" the result of
the proceeding would have been different but for counsel's deficient
performance. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. The purpose of this two-pronged test
is to judge whether counsel's conduct so compromised the proper functioning
of the adversarial process that the trial cannot be said to have produced a
reliable result. 

 The review of defense counsel's representation is highly deferential
and presumes that counsel's actions fell within a wide range of reasonable
professional assistance. When the record is silent on the motivations
underlying counsel's tactical decisions, the appellant usually cannot
overcome the strong presumption that counsel's conduct was reasonable. 


Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001)(footnotes omitted). 

 Cuellar complains that trial counsel filed notice of appeal without first filing motions
for new trial to challenge the trial court's imposition of sentences disproportionate to the
crimes. On appeal, Cuellar argues trial counsel should have used a motion for new trial
hearing to contrast the appellant's sentence with the sentences subsequently given to his
two co-defendants. (1) Just as the constitutionality of the appellant's sentence was not raised
and presented in a motion for new trial proceeding, neither was trial counsel's
effectiveness. There is not a scintilla of evidence that supports a disproportionate
sentencing claim. Claims of ineffective assistance must be firmly founded in the record. 
Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Trial counsel should
ordinarily be afforded an opportunity to explain his actions before being denounced as
ineffective. Id. at 836. Cuellar would have this Court speculate not only upon counsel's
reasons for not raising the issue in the trial court, but also upon the merits of the issue of
disproportionate sentencing. An intermediate appellate court cannot engage in such
conjecture without committing error. See Rylander v. State, 101 S.W.3d 107, 110-11
(Tex. Crim. App. 2003). Issue two is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on August 27, 2003

Opinion Delivered September 3, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The State notes the co-defendants were placed on deferred adjudication
community supervision, and therefore have not been sentenced.